UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEE BRIGGS,<br><br>        Petitioner,<br><br>  v.<br><br>FRESNO SUPERIOR COURT, et al.,<br><br>        Respondents. | 1:12-cv—01549-SKO-HC<br><br>ORDER DENYING PETITIONER'S REQUEST FOR BAIL OR A BAIL HEARING (DOC. 1) AND PETITIONER'S REQUEST FOR DISCOVERY (DOC. 7)<br><br>ORDER DISMISSING STATE LAW CLAIMS WITHOUT LEAVE TO AMEND<br><br>ORDER DISMISSING THE REMAINDER OF THE PETITION WITH LEAVE TO FILE A FIRST AMENDED PETITION (DOC. 1)<br><br>**DEADLINE: THIRTY (30) DAYS AFTER SERVICE OF THIS ORDER**<br><br>ORDER DIRECTING THE CLERK TO SEND PETITIONER A BLANK PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on October 1, 2012 (doc. 5). Pending before the Court is the petition, which was filed on September 20, 2012.

1

I.   Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner alleges that he is an inmate of the Corcoran State Prison (CSP) serving a sentence of thirteen years and eight months imposed in the Fresno County Superior Court in case number F10901778 pursuant to convictions sustained in September 2010 of possession of an assault rifle, transportation of a controlled substance, and possession of a firearm in violation of Cal. Pen. Code §§ 12280 and 12022(c) and Cal. Health & Safety Code § 11352.  (Pet., doc. 1, 2.)

Some of Petitioner's allegations are unclear or unintelligible and may be an attempt to state additional claims. However, it appears that Petitioner alleges the following claims in the petition: 1) the trial court's choice of count two as the principal term constituted an abuse of discretion, an illegal enhancement in violation of the determinate sentencing guidelines and Cal. Pen. Code § 1170.d(2), a disparate sentence, and a violation of Petitioner's right to due process and the Sixth and Fourteenth Amendments (id. at 3); 2) sentencing on counts 5, 6, and 7, involving possession of a dangerous weapon, ownership of ammunition, and possession of a firearm by a felon, violated double jeopardy in light of Petitioner's "conviction of a firearm" (id. at 3, 6); 3) because Petitioner's charges at his parole revocation hearing were the same as his criminal charges, his "Valdivia due process right" was violated (id. at 4); 4) the judge who sentenced Petitioner and presided over other, unspecified proceedings in the trial court was biased and prejudiced because the judge presided over disputed prior convictions and a previous habeas corpus action challenging convictions that were ultimately reversed or subject to executive

3

clemency, and as a result, Petitioner's right to a fair trial and requirements for disqualification of judges were violated (id. at 7-8); 5) the trial court denied a suppression motion concerning exculpatory evidence, consisting of an internal affairs report concerning police misconduct and tampering with evidence to enhance the charges, without good cause in violation of Cal. Pen. Code §§ 1382(a)(2) and 1387, and specified state statutes (id. at 8, 13); 6) amendment of the information to charge a violation of § 12280(b) was unlawful and a violation of Petitioner's right to a fair trial (id. at 9); 7) inaccurate, false sentencing documents (psychological reports, a probation report, and a letter) and cumulative errors resulted in a fundamentally unfair sentencing process and denied Petitioner due process (id. at 12); 8) Petitioner's motion to dismiss for failure to bring his felony charges to trial in a timely manner in violation of Cal. Pen. Code § 1382 was wrongfully denied (id. at 14-15); 9) Judge Sanderson was unfairly biased against Petitioner, which resulted in denial of Petitioner's motion to dismiss the information for delay in bringing the case to trial (id. at 15); 10) "validity of felony complaint unconstitutional by procedural violations of statutory error of filing information" based on the absence of an arrest record for violations of §§ 11352 and 12022, and not having been brought to trial within sixty days, all in violation of Rhinehart v. Municipal Court, 35 Cal.3d 772 (1984), the Federal Rules of Civil Procedure, "Rule 14 instructional errors," and Rose v. Clark (no citation provided) (id. at 16); 11) amendment of charges concerning counts 5, 6, and 7 was an abuse of discretion and violated Petitioner's arraignment rights based

4

on Cal. Rules of Court, Rule 30(b), Code of Civil Procedure § 639, and other authorities not fully identified (id. at 17); and 12) counts 5, 6, and 7 are excessive and violated Petitioner's rights under the Eighth Amendment because a person cannot be convicted of possession of a firearm and being a convicted felon with a firearm (id. at 18).

Petitioner prays for reversal of his convictions, a bail hearing, and release.  (Id. at 18.)

II.  Failure to Name a Proper Respondent

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition.  Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

A petition for writ of habeas corpus brought on behalf of one in custody under a state court judgment shall allege the name of the person who has custody over the applicant as respondent. 28 U.S.C. § 2242; Rule 2(a) of the Rules Governing Section 2254 Cases in the District Courts.  A failure to name the proper respondent destroys personal jurisdiction.  Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  The warden of the penitentiary where a prisoner is confined constitutes the custodian who must be named in the petition, and the petition must be filed in the district of confinement.  Johnson v. Reilly, 349 F.3d 1149, 1153 (9th Cir. 2003).

Here, Petitioner names the trial court and the trial judge.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction.

Stanley, 21 F.3d at 360.

However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility. See, In re Morris, 363 F.3d 891, 893-94 (9th Cir. 2004). Failure to amend the petition and name a proper respondent will result in dismissal of the petition for lack of jurisdiction or failure to name a respondent with the power to produce the petitioner.

### III. Exhaustion of State Court Remedies

Petitioner alleges that he appealed from the judgment of conviction, raising "Due process 14th Amend, sua sponte, 5th Amend," and he sought review in the California Supreme Court, which issued a decision in April 2012. (Id. at 31.) However, in response to a query concerning an explanation why his petition makes a claim that was not made on appeal, Petitioner states, "Discovery of issue on claim not known to petitioner at time of appeal." (Id.) Petitioner does not identify which claim or claims were not raised or presented to the state courts. He further indicates that he filed a habeas corpus petition in the Fresno County Superior Court concerning an unauthorized sentence and invalid prison priors. (Id. at 32.) He further states that he does not have any petition, appeal, or other matter pending in any court. (Id.)

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the

6

state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are

7

> to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448

8

F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

Upon review of the instant petition for writ of habeas corpus, it appears that Petitioner has not presented all of his numerous claims to the California Supreme Court. If Petitioner has not presented all of his claims to the California Supreme Court, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). It is possible, however, that Petitioner has presented his claims to the California Supreme Court and has simply neglected to state the required information on the petition form.

As the Court will order, Petitioner will be granted leave to file an amended petition in this Court to state only claims as to which state court remedies have been exhausted by presentation to the California Supreme Court and receipt of a ruling thereon. If Petitioner files both exhausted and unexhausted claims, his petition must be dismissed as a mixed petition.

IV.  State Law Claims

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. -, -, 131 S.Ct. 13, 16 (2010) (per curiam). Federal habeas relief is not available

to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 562 U.S. at 16; Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Thus, alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002). In a habeas proceeding, this Court is bound by the California Supreme Court's interpretation of California law unless it is determined that the interpretation is untenable or a veiled attempt to avoid review of federal questions. Murtishaw v. Woodford, 255 F.3d 926, 964 (9th Cir. 2001).

Here, there is no indication that any state court's interpretation of California law is untenable or a veiled attempt to avoid federal review.

With respect to many of Petitioner's claims, Petitioner failed to set forth any federal basis, as distinct from a state law basis, for the claims; the claims appear to be based solely on state law. These claims include Petitioner's fifth, eighth, and eleventh claims. Such claims are clearly not cognizable in this proceeding pursuant to § 2254 and must be dismissed.

One claim appears to have both a federal legal basis and a state law basis. Petitioner's first claim is based on state law as Petitioner claims an abuse of discretion or a violation of state law sentencing guidelines or the California Penal Code; however, Petitioner also refers to the Sixth and Fourteenth Amendments, which are federal legal bases. To the extent that the claims rest on state law, they do not entitle Petitioner to relief in this proceeding and must be dismissed.

///

Petitioner's state law claims are defective not because of a lack of factual allegations, but rather because of the nature of the claims as state law claims.  Thus, granting Petitioner leave to amend would be futile.  Accordingly, Petitioner's state law claims will be dismissed without leave to amend.

As to some of Petitioner's claims, the legal basis is unclear.  This Court will construe a petition from a pro se petitioner liberally and with deference.  Maleng v. Cook, 490 U.S. 488, 493 (1989); Belgarde v. State of Montana, 123 F.3d 1210, 1213 (9th Cir. 1997).  However, generalized references to concepts such as due process, double jeopardy, fundamentally fair trial, bias, prejudice, etc., as well as references to a constitution or unconstitutionality are insufficient to set forth a federal legal basis for a claim because such terms are also descriptive of state law grounds.  Petitioner's second, third, fourth, sixth, seventh, ninth, and tenth claims fall into this category.

As these claims now stand, it is not clear that Petitioner is invoking federal law, as distinct from state law, as the basis for the claims.  These claims will be dismissed with leave to amend.  If Petitioner intends to set forth a federal law claim, Petitioner should augment his statement of the claim with a reference to a specific provision of the federal constitution or a specific federal statute or treaty, or otherwise make the federal legal basis of the claim clear.

V.   Uncertain or Unintelligible Claims

In addition to the uncertainty of the legal basis of some of Petitioner's claims, the petition also sets forth some claims

11

that are unclear.  As previously noted, in habeas corpus proceedings, notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error.  The Court must be apprised of the factual and legal basis of the claim with sufficient clarity to permit intelligent screening of a petition.

Here, some of Petitioner's claims are unintelligible or uncertain.  Petitioner's second claim refers to sentencing on counts that are identified by number, but the precise identity of each of the offenses charged in the counts is not stated. Likewise, Petitioner's twelfth claim again refers to the counts without specifying the offenses charged in the counts.  The reference in Petitioner's third claim to a violation of a "Valdivia due process" right is unclear both with respect to the factual and legal basis of the claim.  Petitioner's seventh claim refers to cumulative errors; it is unclear, however, precisely which errors are included.  In Petitioner's ninth claim, the factual basis of the alleged bias is not specified.  Finally, Petitioner's tenth claim is unclear and unintelligible.

While this Court must construe liberally and deferentially the allegations of a prisoner proceeding without counsel, see Roy v. Lampert, 465 F.3d 964, 970 (9th Cir. 2006), the Court cannot grant relief based on conclusory allegations not supported by any specific facts, Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).

Although Petitioner's allegations are uncertain, it is possible that Petitioner could allege tenable claims for relief. Accordingly, it will be ordered that the uncertain and

unintelligible claims noted above be dismissed with leave to amend.

VI. Amendment of the Petition

With the exception of the state law claims, which will be dismissed without leave to amend, the instant petition must be dismissed for the reasons stated above.  Petitioner will be given an opportunity to file a first amended petition to cure the deficiencies.  Petitioner is advised that failure to file a petition in compliance with this order (i.e., a completed petition with a proper respondent identified and cognizable federal claims and exhaustion of state remedies clearly stated) within the allotted time will result in dismissal of the petition and termination of the action.  Petitioner is advised that the amended petition should be entitled, "First Amended Petition," and it must refer to the case number in this action.  Further, Petitioner is informed that Local Rule 220 provides that unless prior approval to the contrary is obtained from the Court, every pleading as to which an amendment or supplement is permitted shall be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading.

VII. Request for Bail

In his prayer for relief, Petitioner requests a bail hearing and release from custody.  (Pet. 18.)

The Ninth Circuit Court of Appeals has expressly declined to decide whether a district court has the authority to release a state prisoner on bail pending resolution of habeas proceedings. In re Roe, 257 F.3d 1077, 1080 (9th Cir. 2001).  However, it will be assumed for the sake of argument that a district court has

such authority. See, id. Federal courts reserve bail pending resolution of a habeas corpus petition to "extraordinary cases involving special circumstances" and where there is a high probability of the petitioner's success on the merits. United States v. Mett, 41 F.3d 1281, 1282 (9th Cir. 1994) (quoting Land v. Deeds, 878 F.2d 318, 318-319 (9th Cir. 1989)). Further, the petitioner must show circumstances that make him exceptional and especially deserving of special treatment in the interests of justice. Benson v. California, 328 F.2d 159, 162 (9th Cir. 1964). The Court must also consider the petitioner's risk of flight and the danger to the community should the petitioner be released. Marino v. Vasquez, 812 F.2d 499, 508-09 (9th Cir. 1987).

None of these requirements has been met in this case. Accordingly, Petitioner's request for bail will be denied.

VIII.   Request for Discovery

On October 11, 2012, Petitioner filed a request for discovery pursuant to Cal. Pen. Code § 1054.4. (Doc. 7.) Petitioner requests discovery of 1) an internal affairs investigation conducted in the Fresno Police Department in specified cases to "verify illegal evidence and tamperance (sic) of evidence claims on habeas corpus," and 2) "Administrative injunctive relief" for other specified cases, one of which involved an unspecified civil matter. (Doc. 7, 1.)

Preliminarily, the Court notes that discovery in the present case is governed by the Federal Rules of Civil Procedure and other sources of federal law, and not the penal laws of California. Unlike parties to other civil litigation, a habeas

14

corpus petitioner is not entitled to broad discovery.  Bracy v. Gramley, 520 U.S. 899, 117 S.Ct. 1793, 1796-97 (1997); Harris v. Nelson, 394 U.S. 286, 295, 89 S.Ct. 1082, 1088-89 (1969). Discovery is available in a habeas corpus petition only if the court finds that the petitioner has shown good cause for discovery.  Bracy, 117 S.Ct. 1793, 1797; McDaniel v. United States Dist. Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); Habeas Rule 6(a).  The Advisory Committee Notes to Habeas Rule 6 emphasize that Rule 6 was not intended to extend to habeas corpus petitioners, as a matter of right, all of the Federal Rules of Civil Procedure's broad discovery provisions.  Rule 6, Advisory Committee Notes (quoting Harris, 394 U.S. at 295, 89 S.Ct. at 1089).  A petitioner is entitled to discovery if he has presented specific allegations in the form of a verified petition that show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief. Harris, 394 U.S. at 299; Calderon v. U.S. District Court (Nicolaus), 98 F.3d 1102, 1106-1107 (9th Cir. 1996). Conclusional allegations or speculation are not sufficient to warrant discovery.  Calderon, 98 F.3d at 1106.

    Here, many of Petitioner's claims are unclear, some are subject to dismissal, and as to others there is doubt as to the extent of Petitioner's exhaustion of state court remedies. Petitioner has not shown how the requested matters relate to specific claims or how if specific allegations in a petition were fully developed, the facts would warrant relief for Petitioner. Petitioner has not shown good cause for discovery.  Petitioner's

motion for discovery is premature and will be denied without prejudice to filing a new request after screening of the petition is completed.

### IX. Disposition

Accordingly, it is ORDERED that:

1) Petitioner's state law claims are DISMISSED without leave to amend; and

2) The remaining claims in the petition for writ of habeas corpus are DISMISSED with leave to amend; and

3) Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition in compliance with this order; and

4) Petitioner's request for bail is DENIED; and

5) Petitioner's request for discovery is DENIED without prejudice; and

6) The Clerk of the Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2254.

IT IS SO ORDERED.

**Dated:   October 21, 2012**              /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE