UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHNNY LEE BRIGGS, | ) | 1:12-cv—01549-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITIONER'S |
| | ) | FIRST AMENDED PETITION (DOC. 9) |
| | ) | WITH LEAVE TO FILE A SECOND |
| v. | ) | AMENDED PETITION WITHIN THIRTY |
| | ) | (30) DAYS OF SERVICE |
| C. GIBSON, | ) | |
| Respondent. | ) | ORDER DIRECTING THE CLERK TO SEND |
| | ) | PETITIONER A BLANK PETITION FOR |
| | ) | WRIT OF HABEAS CORPUS |

**DEADLINE: THIRTY (30) DAYS AFTER SERVICE OF THIS ORDER**

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on October 1, 2012 (doc. 5). Pending before the Court is the first amended petition (FAP), which was filed on October 31, 2012.

I. <u>Screening the First Amended Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make

1

a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner alleges that he is an inmate of the Corcoran State Prison (CSP) serving a sentence of thirteen years and eight months imposed in the Fresno County Superior Court

1  pursuant to convictions sustained in September 2010 of violating
2  Cal. Pen. Code §§ 12280(b), 12022(c), 69, 12021(a)(1), 1231(b)(1)
3  and 667.5; Cal. Health & Safety Code § 11352(a); and Cal. Veh.
4  Code § 2800.2.  (FAP, doc. 9, 1.)

5      Petitioner raises the following claims in the FAP: 1) his
6  conviction rests on evidence obtained by an unconstitutional
7  search and seizure undertaken without probable cause in violation
8  of Petitioner's rights under the Fourth and Sixth Amendments; 2)
9  the prosecution failed to disclose favorable, exculpatory
10 evidence consisting of an internal affairs investigation that
11 indicates that evidence used to convict Petitioner had been
12 tampered with; 3) conviction twice of the same offense of
13 possession of a firearm violated Petitioner's protection against
14 double jeopardy; and 4) Petitioner's conviction rests on evidence
15 obtained from an unlawful arrest that was unsupported by probable
16 cause.  (Id. at 4-5.)

17      II.  Uncertain Claims

18      The notice pleading standard applicable in ordinary civil
19 proceedings does not apply in habeas corpus cases.  Habeas Rules
20 2(c), 4, and 5(b) require a more detailed statement of all
21 grounds for relief and the facts supporting each ground; the
22 petition is expected to state facts that point to a real
23 possibility of constitutional error and show the relationship of
24 the facts to the claim.  Habeas Rule 4, Advisory Committee Notes,
25 1976 Adoption; Mayle v. Felix, 545 U.S. 644, 655 (2005);
26 O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting
27 Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).  This is
28 because the purpose of the rules is to assist the district court

3

in determining whether the respondent should be ordered to show cause why the writ should not be granted and to permit the filing of an answer that satisfies the requirement that it address the allegations in the petition. Mayle v. Felix, 545 U.S. at 655. Allegations in a petition that are vague, conclusional, or palpably incredible, and that are unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal. Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).

Here, Petitioner has failed to state any supporting facts in his first and fourth claims concerning the admission and use of evidence obtained from allegedly unconstitutional searches, seizures, and arrests. It is not clear what searches, seizures, or arrests are challenged, and it is unknown what evidence Petitioner alleges was improperly obtained and admitted.

Because Petitioner has failed to include any statement of supporting facts with respect to these claims, the claims must be dismissed. However, it is possible that Petitioner could state facts supporting his claims. Accordingly, the first and fourth claims will be dismissed as uncertain, but Petitioner will be given leave to file a second amended petition with respect to the claims.

III.   Exhaustion of State Court Remedies

Petitioner's allegations concerning the claims he raised before the state courts are general in nature. For example, with respect to the critical information regarding what claims he raised before the California Supreme Court, Petitioner alleges

4

only that he raised grounds of "unlawful sentence, illegal evidence, false conviction, unconstitutional conviction." (FAP at 2.) With the possible exception of the reference to illegal evidence, these descriptions do not correspond to the issues Petitioner seeks to raise before this Court.

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

///

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon,

6

> 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Further, Local Rule 190(e)(1) of the Local Rules of the United States District Court, Eastern District of California requires that all petitions state with specificity either that all issues raised in the petition have been raised before all state tribunals in which the issues could be heard, to the exhaustion of Petitioner's state remedies, or that all issues have not been so raised, in which case the petition shall also set forth all facts which justify the failure to exhaust state remedies.

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

Upon review of the FAP, it is unclear whether Petitioner presented all of his numerous claims to the California Supreme Court. If Petitioner has not presented all of his claims to the

7

California Supreme Court, the Court cannot proceed to the merits of those claims.  28 U.S.C. § 2254(b)(1).  It is possible, however, that Petitioner has presented his claims to the California Supreme Court and has simply neglected to state the required information on the petition form.

As the Court will order, Petitioner will be granted leave to file an amended petition in this Court to state only claims as to which state court remedies have been exhausted by presentation to the California Supreme Court and receipt of a ruling thereon.  If Petitioner files both exhausted and unexhausted claims, his petition must be dismissed as a mixed petition.

IV.   Amendment of the Petition

Petitioner's first and fourth claims will be dismissed for the reasons stated above.  Petitioner will be given an opportunity to file a second amended petition to cure the deficiencies.

Failure to file a petition in compliance with this order (i.e., a completed petition with a proper respondent identified and cognizable federal claims and exhaustion of state remedies clearly stated) within the allotted time will result in dismissal of the petition and termination of the action.  The amended petition should be entitled, "Second Amended Petition," and it must refer to the case number in this action.  Further, Local Rule 220 provides that unless prior approval to the contrary is obtained from the Court, every pleading as to which an amendment or supplement is permitted shall be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading.

V.  <u>Disposition</u>

Accordingly, it is ORDERED that:

1) Petitioner's first and fourth claims are DISMISSED with leave to amend; and

2) Petitioner is GRANTED thirty (30) days from the date of service of this order to file a second amended petition in compliance with this order; and

3) The Clerk of the Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2254.

IT IS SO ORDERED.

**Dated:   February 12, 2013**                    /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE