1

2

3

4

5

6              UNITED STATES DISTRICT COURT

7                 EASTERN DISTRICT OF CALIFORNIA

8

9  JOHNNY LEE BRIGGS,          ) 1:12-cv—01549-SKO-HC
                               )
10             Petitioner,     ) ORDER DISMISSING PETITIONER'S
                               ) FIRST AMENDED PETITION (DOC. 9)
11                             ) WITH LEAVE TO FILE A SECOND
       v.                      ) AMENDED PETITION WITHIN THIRTY
12                             ) (30) DAYS OF SERVICE
   C. GIBSON,                  )
13             Respondent.     ) ORDER DIRECTING THE CLERK TO SEND
                               ) PETITIONER A BLANK PETITION FOR
14 _____ ) WRIT OF HABEAS CORPUS

15                             **DEADLINE: THIRTY (30) DAYS AFTER**
                               **SERVICE OF THIS ORDER**
16

17       Petitioner is a state prisoner proceeding pro se and in

18 forma pauperis with a petition for writ of habeas corpus pursuant

19 to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1),

20 Petitioner has consented to the jurisdiction of the United States

21 Magistrate Judge to conduct all further proceedings in the case,

22 including the entry of final judgment, by manifesting consent in

23 a signed writing filed by Petitioner on October 1, 2012  (doc.

24 5).  Pending before the Court is the first amended petition

25 (FAP), which was filed on October 31, 2012.

26       I.  Screening the First Amended Petition

27       Rule 4 of the Rules Governing § 2254 Cases in the United

28 States District Courts (Habeas Rules) requires the Court to make

                                1

a preliminary review of each petition for writ of habeas corpus.
The Court must summarily dismiss a petition "[i]f it plainly
appears from the petition and any attached exhibits that the
petitioner is not entitled to relief in the district court...."
Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.
1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.
1990).  Habeas Rule 2(c) requires that a petition 1) specify all
grounds of relief available to the Petitioner; 2) state the facts
supporting each ground; and 3) state the relief requested.
Notice pleading is not sufficient; the petition must state facts
that point to a real possibility of constitutional error.  Rule
4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass,
915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75
n.7 (1977)).  Allegations in a petition that are vague,
conclusory, or palpably incredible are subject to summary
dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus
either on its own motion under Habeas Rule 4, pursuant to the
respondent's motion to dismiss, or after an answer to the
petition has been filed.  Advisory Committee Notes to Habeas Rule
8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43
(9th Cir. 2001).  However, a petition for habeas corpus should
not be dismissed without leave to amend unless it appears that no
tenable claim for relief can be pleaded were such leave granted.
Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner alleges that he is an inmate of the
Corcoran State Prison (CSP) serving a sentence of thirteen years
and eight months imposed in the Fresno County Superior Court

2

pursuant to convictions sustained in September 2010 of violating
Cal. Pen. Code §§ 12280(b), 12022(c), 69, 12021(a)(1), 1231(b)(1)
and 667.5; Cal. Health & Safety Code § 11352(a); and Cal. Veh.
Code § 2800.2.  (FAP, doc. 9, 1.)

Petitioner raises the following claims in the FAP: 1) his
conviction rests on evidence obtained by an unconstitutional
search and seizure undertaken without probable cause in violation
of Petitioner's rights under the Fourth and Sixth Amendments; 2)
the prosecution failed to disclose favorable, exculpatory
evidence consisting of an internal affairs investigation that
indicates that evidence used to convict Petitioner had been
tampered with; 3) conviction twice of the same offense of
possession of a firearm violated Petitioner's protection against
double jeopardy; and 4) Petitioner's conviction rests on evidence
obtained from an unlawful arrest that was unsupported by probable
cause.  (Id. at 4-5.)

II.  Uncertain Claims

The notice pleading standard applicable in ordinary civil
proceedings does not apply in habeas corpus cases.  Habeas Rules
2(c), 4, and 5(b) require a more detailed statement of all
grounds for relief and the facts supporting each ground; the
petition is expected to state facts that point to a real
possibility of constitutional error and show the relationship of
the facts to the claim.  Habeas Rule 4, Advisory Committee Notes,
1976 Adoption; Mayle v. Felix, 545 U.S. 644, 655 (2005);
O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting
Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).  This is
because the purpose of the rules is to assist the district court

1 in determining whether the respondent should be ordered to show

2 cause why the writ should not be granted and to permit the filing

3 of an answer that satisfies the requirement that it address the

4 allegations in the petition.  <u>Mayle v. Felix</u>, 545 U.S. at 655.

5 Allegations in a petition that are vague, conclusional, or

6 palpably incredible, and that are unsupported by a statement of

7 specific facts, are insufficient to warrant relief and are

8 subject to summary dismissal.  <u>Jones v. Gomez</u>, 66 F.3d 199, 204-

9 05 (9th Cir. 1995); <u>James v. Borg</u>, 24 F.3d 20, 26 (9th Cir.

10 1994).

11     Here, Petitioner has failed to state any supporting facts in

12 his first and fourth claims concerning the admission and use of

13 evidence obtained from allegedly unconstitutional searches,

14 seizures, and arrests.  It is not clear what searches, seizures,

15 or arrests are challenged, and it is unknown what evidence

16 Petitioner alleges was improperly obtained and admitted.

17     Because Petitioner has failed to include any statement of

18 supporting facts with respect to these claims, the claims must be

19 dismissed.  However, it is possible that Petitioner could state

20 facts supporting his claims.  Accordingly, the first and fourth

21 claims will be dismissed as uncertain, but Petitioner will be

22 given leave to file a second amended petition with respect to the

23 claims.

24     III.   <u>Exhaustion of State Court Remedies</u>

25     Petitioner's allegations concerning the claims he raised

26 before the state courts are general in nature.  For example, with

27 respect to the critical information regarding what claims he

28 raised before the California Supreme Court, Petitioner alleges

4

1  only that he raised grounds of "unlawful sentence, illegal
2  evidence, false conviction, unconstitutional conviction." (FAP
3  at 2.)  With the possible exception of the reference to illegal
4  evidence, these descriptions do not correspond to the issues
5  Petitioner seeks to raise before this Court.

6      A petitioner who is in state custody and wishes to challenge
7  collaterally a conviction by a petition for writ of habeas corpus
8  must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).
9  The exhaustion doctrine is based on comity to the state court and
10 gives the state court the initial opportunity to correct the
11 state's alleged constitutional deprivations.  Coleman v.
12 Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509,
13 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir.
14 1988).

15     A petitioner can satisfy the exhaustion requirement by
16 providing the highest state court with the necessary jurisdiction
17 a full and fair opportunity to consider each claim before
18 presenting it to the federal court, and demonstrating that no
19 state remedy remains available.  Picard v. Connor, 404 U.S. 270,
20 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.
21 1996).  A federal court will find that the highest state court
22 was given a full and fair opportunity to hear a claim if the
23 petitioner has presented the highest state court with the claim's
24 factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365
25 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10
26 (1992), superceded by statute as stated in Williams v. Taylor,
27 529 U.S. 362 (2000) (factual basis).
28 ///

1    Additionally, the petitioner must have specifically told the

2  state court that he was raising a federal constitutional claim.

3  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

4  (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala

5  v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood,

6  133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United

7  States Supreme Court reiterated the rule as follows:

8      In Picard v. Connor, 404 U.S. 270, 275...(1971),
       we said that exhaustion of state remedies requires that
9      petitioners "fairly presen[t]" federal claims to the
       state courts in order to give the State the
10     "'opportunity to pass upon and correct' alleged
       violations of the prisoners' federal rights" (some
11     internal quotation marks omitted). If state courts are
       to be given the opportunity to correct alleged violations
12     of prisoners' federal rights, they must surely be
       alerted to the fact that the prisoners are asserting
13     claims under the United States Constitution. If a
       habeas petitioner wishes to claim that an evidentiary
14     ruling at a state court trial denied him the due
       process of law guaranteed by the Fourteenth Amendment,
15     he must say so, not only in federal court, but in state
       court.
16
17 Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule

   further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir.
18
   2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th
19
   Cir. 2001), stating:
20
21     Our rule is that a state prisoner has not "fairly
       presented" (and thus exhausted) his federal claims
22     in state court unless he specifically indicated to
       that court that those claims were based on federal law.
23     See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir.
       2000). Since the Supreme Court's decision in Duncan,
24     this court has held that the petitioner must make the
       federal basis of the claim explicit either by citing
25     federal law or the decisions of federal courts, even
       if the federal basis is "self-evident," Gatlin v. Madding,
26     189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v.
       Harless, 459 U.S. 4, 7... (1982), or the underlying
27     claim would be decided under state law on the same
       considerations that would control resolution of the claim
28     on federal grounds, see, e.g., Hiivala v. Wood, 195
       F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon,

                                  6

88 F.3d 828, 830-31 (9th Cir. 1996); <u>Crotts</u>, 73 F.3d
at 865.

...
In <u>Johnson</u>, we explained that the petitioner must alert
the state court to the fact that the relevant claim is a
federal one without regard to how similar the state and
federal standards for reviewing the claim may be or how
obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-69 (9th Cir. 2000), as

amended by <u>Lyons v. Crawford</u>, 247 F.3d 904, 904-05 (9th Cir.

2001).

Further, Local Rule 190(e)(1) of the Local Rules of the

United States District Court, Eastern District of California

requires that all petitions state with specificity either that

all issues raised in the petition have been raised before all

state tribunals in which the issues could be heard, to the

exhaustion of Petitioner's state remedies, or that all issues

have not been so raised, in which case the petition shall also

set forth all facts which justify the failure to exhaust state

remedies.

Where none of a petitioner's claims has been presented to

the highest state court as required by the exhaustion doctrine,

the Court must dismiss the petition.  <u>Raspberry v. Garcia</u>, 448

F.3d 1150, 1154 (9th Cir. 2006); <u>Jiminez v. Rice</u>, 276 F.3d 478,

481 (9th Cir. 2001).  The authority of a court to hold a mixed

petition in abeyance pending exhaustion of the unexhausted claims

has not been extended to petitions that contain no exhausted

claims.  <u>Raspberry</u>, 448 F.3d at 1154.

Upon review of the FAP, it is unclear whether Petitioner

presented all of his numerous claims to the California Supreme

Court.  If Petitioner has not presented all of his claims to the

California Supreme Court, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). It is possible, however, that Petitioner has presented his claims to the California Supreme Court and has simply neglected to state the required information on the petition form.

As the Court will order, Petitioner will be granted leave to file an amended petition in this Court to state only claims as to which state court remedies have been exhausted by presentation to the California Supreme Court and receipt of a ruling thereon. If Petitioner files both exhausted and unexhausted claims, his petition must be dismissed as a mixed petition.

IV. <u>Amendment of the Petition</u>

Petitioner's first and fourth claims will be dismissed for the reasons stated above. Petitioner will be given an opportunity to file a second amended petition to cure the deficiencies.

Failure to file a petition in compliance with this order (i.e., a completed petition with a proper respondent identified and cognizable federal claims and exhaustion of state remedies clearly stated) within the allotted time will result in dismissal of the petition and termination of the action. The amended petition should be entitled, "Second Amended Petition," and it must refer to the case number in this action. Further, Local Rule 220 provides that unless prior approval to the contrary is obtained from the Court, every pleading as to which an amendment or supplement is permitted shall be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading.

8

V.   Disposition

Accordingly, it is ORDERED that:

1) Petitioner's first and fourth claims are DISMISSED with leave to amend; and

2) Petitioner is GRANTED thirty (30) days from the date of service of this order to file a second amended petition in compliance with this order; and

3) The Clerk of the Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2254.

IT IS SO ORDERED.

Dated:   __February 12, 2013__            _____/s/ Sheila K. Oberto_____
                                         UNITED STATES MAGISTRATE JUDGE