UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEE BRIGGS,<br><br>         Petitioner,<br><br>    v.<br><br>C. GIBSON,<br>         Respondent. | 1:12-cv—01549-SKO-HC<br><br>ORDER DISMISSING AS MOOT PETITIONER'S MOTION TO FILE A SECOND AMENDED PETITION (DOC. 13)<br><br>ORDER DIRECTING PETITIONER TO FILE A SECOND AMENDED PETITION NO LATER THAN THIRTY (30) DAYS AFTER SERVICE OF THIS ORDER<br><br>ORDER DIRECTING THE CLERK TO SEND PETITIONER A BLANK PETITION FOR WRIT OF HABEAS CORPUS<br><br>**DEADLINE: THIRTY (30) DAYS AFTER SERVICE OF THIS ORDER** |

　　Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on October 1, 2012  (doc. 5).

　　Pending before the Court is a document filed by Petitioner on March 4, 2013, entitled "Request to: Dismiss Claims One and

1

Four and Reinstate the First Amended Petition for Claims Two and Three for Evidentiary Hearing." In the document, Petitioner agrees to "dismiss" two claims that the Court has previously dismissed with leave to amend pursuant to an earlier screening order; Petitioner's offer to "dismiss" the two claims is made expressly on condition that other claims be "reinstated." (Doc. 13, 1.)

### I. Dismissing Petitioner's Request

On February 13, 2013, the Court dismissed Petitioner's first amended petition (FAP) with leave to file a second amended petition in thirty days. Two of Petitioner's claims in the FAP were uncertain, and Petitioner had failed to allege sufficiently his exhaustion of state court remedies.

Because the Court has already dismissed Petitioner's first and fourth claims as stated in the FAP, any motion or request on the part of Petitioner to dismiss those claims is inapposite and redundant. The Court's order of February 13, 2013, granted leave to Petitioner to file a second amended petition; it did not contemplate or permit Petitioner to file a request to revive parts of a previously dismissed pleading. As Petitioner was informed in the Court's order, an amended pleading must be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading. (Doc. 12, 8.) However, Petitioner's present motion or request to revive parts of a previously dismissed pleading refers to the previously filed and dismissed FAP.

Accordingly, Petitioner's request to dismiss previously dismissed claims will be dismissed as moot.

1      II.   <u>Leave to File a Second Amended Petition</u>

2      Petitioner will be given an opportunity to file a second
3 amended petition to cure the deficiencies of the FAP as set forth
4 in the Court's February 13, 2013, order.  Petitioner is advised
5 that failure to file a petition in compliance with that order
6 (i.e., a completed petition with a proper respondent identified
7 and cognizable federal claims and exhaustion of state remedies
8 clearly stated) within the allotted time will result in dismissal
9 of the petition and termination of the action.  Petitioner will
10 be sent a copy of a form petition, which he is encouraged to use,
11 so as to facilitate the inclusion of all necessary information
12 and the Court's screening of the pleading.

13     Petitioner is advised that the amended petition should be
14 entitled, "Second Amended Petition," and it must refer to the
15 case number in this action.  Further, Local Rule 220 provides
16 that unless prior approval to the contrary is obtained from the
17 Court, every pleading as to which an amendment or supplement is
18 permitted shall be retyped or rewritten and filed so that it is
19 complete in itself without reference to the prior or superseded
20 pleading.

21     Petitioner is INFORMED that a failure to comply with this
22 order will result in dismissal of the petition for failure to
23 comply with an order of the Court and for failure to prosecute
24 the action.

25     III.  <u>Disposition</u>

26     Accordingly, it is ORDERED that:

27     1) Petitioner's request to dismiss some claims from the
28 first amended petition and to revive others is DISMISSED as moot;

3

and

    2) Petitioner is GRANTED thirty (30) days from the date of service of this order to file a second amended petition in compliance with the Court's order of February 13, 2013; and

    3) The Clerk of the Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2254.

IT IS SO ORDERED.

**Dated:   March 14, 2013**                    /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE