UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHNNY LEE BRIGGS,

              Petitioner,

   v.

C. GIBSON,

           Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)

1:12-cv—01549-SKO-HC

ORDER DEEMING PETITIONER'S NEW
PETITION TO BE A MOTION FOR LEAVE
TO FILE A THIRD AMENDED PETITION

ORDER GRANTING PETITIONER LEAVE
TO FILE A THIRD AMENDED PETITION
NO LATER THAN THIRTY (30) DAYS
AFTER SERVICE OF THIS ORDER

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on October 1, 2012 (doc. 5). Pending before the Court are two amended petitions.

    I.  <u>Background</u>

    The original petition was filed on September 20, 2012. In an order filed on October 22, 2012, state law claims were dismissed without leave to amend, and the remainder of the petition was dismissed with leave to file a first amended

petition.  Petitioner filed the first amended petition (FAP) on October 31, 2012.  By order dated February 13, 2013, Petitioner's FAP was dismissed with leave to file a second amended petition (SAP).  On March 4, 2013, Petitioner filed a motion to file a SAP.  On March 15, 2013, the Court dismissed as moot Petitioner's motion to file a SAP and directed Petitioner to file a SAP within thirty days.  On March 25, 2013, Petitioner's second amended petition was filed.

On April 24, 2013, Petitioner filed another petition for writ of habeas corpus, which was filed in a new case, <u>Briggs v. C. Gibson</u>, case number 1:13-cv-00592-BAM.  Because the new petition addressed the same detention as the pending petition in this action, the two actions were consolidated by the Court's order of April 29, 2013, the later action was closed, and the parties were instructed to file all further documents in the present case, case number 1:12-cv-1549-SKO-HC.

II.   <u>Amendment of the Petition</u>

Petitioner's first amended petition addressed Petitioner's 2010 convictions sustained in the Fresno County Superior Court. The first and fourth claims concerning the admission and use of evidence obtained from allegedly unconstitutional searches, seizures, and arrests were dismissed as uncertain because no supporting facts had been alleged.  It was, therefore, not clear what intrusions were challenged or what evidence was alleged to have been improperly obtained and admitted.  With respect to Petitioner's second claim (concerning the prosecution's failure to disclose evidence of an internal affairs investigation that disclosed tampering with evidence used to convict Petitioner) and

Petitioner's third claim (alleging that dual convictions of the same offense of possession of a firearm), Petitioner had not alleged specific facts concerning his exhaustion of state court remedies, and it was unclear whether Petitioner's claims had been presented to the California Supreme Court. The petition was dismissed with leave to file a second amended petition.

A. <u>The Second Amended Petition</u>

Petitioner's second amended petition filed on March 25, 2013, (doc. 15), indicates that Petitioner is an inmate of the Corcoran State Prison (CSP) serving a sentence of thirteen years and eight months imposed in the Fresno County Superior Court for convictions sustained in October 2010 of violating Cal. Pen. Code §§ 12280(b), 12022(c), 69, 12021(a)(1), 1231(b)(1) and 667.5; Cal. Health & Safety Code § 11352(a); and Cal. Veh. Code § 2800.2. (SAP, doc. 15, 1.) Petitioner raises the following claims in the petition: 1) with respect to his conviction of violating Cal. Veh. Code § 2800.2, Petitioner alleges that the conviction was obtained by a violation of his right to due process of law protected by the Fourteenth Amendment based on the following supportive facts:

> California Supreme Court denied review of appellate
> district's opinion affirming conviction for count 4, veh
> code 2800.2 for due process violation and sua sponte
> requirements on April 11, 2012; how previous ruling
> from Supreme Court on Dec 11, 2011 regarding
> due process intrest (sic) conflict with Federal unanimity
> on relief-granted.

(Doc. 15, 4.) Petitioner also refers to previous proceedings in the California Supreme Court concerning federal due process rights relating to time limits on adjudicating criminal felony charges concurrent with parole revocation charges in which the

3

court found a due process violation based on delay and found Petitioner not guilty of revocation charges.  (Id. at 6-7.) These allegations are not clear, but it appears that Petitioner is arguing that the proceedings were inconsistent and violated his right to due process of law.

Petitioner further alleged the following claims: 2) exculpatory evidence of an internal affairs investigation indicating tampering with evidence used to convict Petitioner; 3) Petitioner's conviction of possession of a firearm and being an active felon on parole in possession of a firearm, and his convictions of felony evading and misdemeanor reckless driving, were obtained in violation of Petitioner's protection against double jeopardy; and 4) Petitioner's conviction was obtained by the use of evidence obtained pursuant to an unconstitutional search and seizure in violation of the Fourth Amendment because Fresno police officers did not have probable cause to search the vehicle and detain based on routine traffic violations, and evidence consisting of firearms, ammunition, and cocaine base seized was introduced.  (Id. at 4-9.)

Petitioner requests that his rights be declared, the convictions be reversed, and he receive civil penalties for violations of his constitutional and civil rights by assessment of a tort claim.  (Id. at 10-11.)

B.   The New Petition

The new petition filed by Petitioner on April 24, 2013, and brought into this action by the Court's order of consolidation, challenges the same convictions.  Petitioner alleges the following claims:  1) Petitioner's right to a speedy trial

4

guaranteed by due process of law was violated, and he suffered prejudice from the denial of his right to a speedy trial; 2) Petitioner was sentenced twice for the same offense of evading an officer; 3) the warden's refusal to release him despite federal auditors' mandating his release from custody on December 22, 2012, violated his right to due process protected by the Fourteenth Amendment; and 4) Petitioner's conviction was obtained by the unconstitutional use of prison priors which are invalid based on various orders and because one prior is a misdemeanor over five years old.  (Doc. 1 from docket 1:13-cv-00592-BAM, 2-5.)  Petitioner prays for monetary damages, civil penalties, reversal of the convictions, and any other appropriate relief. (Id. at 6.)

       C.  <u>Analysis</u>

A petition for a writ of habeas corpus may be amended or supplemented as provided in the rules of procedure applicable to civil actions to the extent that the civil rules are not inconsistent with any statutory provisions or the rules governing section 2254 cases.  28 U.S.C. § 2242; Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules).  Fed. R. Civ. P. 15(a) may be used to permit the petitioner to amend the petition.  <u>Withrow v. Williams</u>, 507 U.S. 680, 696 n.7 (1993).  Fed. R. Civ. P. 15(a) provides with respect to amendments before trial that a party may amend its pleading once as a matter of course within twenty-one days after service of the pleading, a required responsive pleading, or a motion under Rule 12(b), (e), or (f), whichever is earlier; in all other cases, a party may amend its pleading only with the opposing

1   party's written consent or the Court's leave.  Further, the Court

2   should freely give leave when justice so requires.

3       Where a pro se petitioner files a second § 2254 petition

4   while a previous petition remains pending without a final

5   decision, a district court should not dismiss the second petition

6   as successive but should rather liberally construe the petition

7   as a motion to amend the previously filed petition.  Woods v.

8   Carey, 525 F.3d 886, 889-890 (9th Cir. 2008).  The district

9   court may exercise its discretion to decide whether the motion to

10  amend should be granted.  Id. at 890.

11      Here, Petitioner intended to amend his petition by the

12  material in both the SAP and the new, consolidated petition.  The

13  Court will therefore construe the new petition as a motion to

14  amend the previous petition.  The Court notes, however, that the

15  new petition does not include the claims in the previously filed

16  SAP.  Petitioner, therefore, may have intended to raise all the

17  claims raised in both the SAP and the new, consolidated petition.

18  However, Local Rule 220 provides that unless prior approval to

19  the contrary is obtained from the Court, every pleading as to

20  which an amendment or supplement is permitted shall be retyped or

21  rewritten and filed so that it is complete in itself without

22  reference to the prior or superseded pleading.  Thus, for a claim

23  to be pending before the Court, it must be set forth in the

24  operative petition, which is the petition that is latest filed.

25      In summary, the Court will consider Petitioner's new

26  petition to be a motion to file an amended petition.  Petitioner

27  will be given an opportunity to file a third amended petition to

28  cure the deficiencies in previous petitions and to set forth all

6

the claims Petitioner seeks to raise before this Court.

However, the Court notes that this proceeding has been pending since September 2012, and yet Petitioner continues to amend his petition.  Petitioner is informed that the petition cannot be amended indefinitely.  Petitioner will be given leave to file one further amended petition stating all his claims.

Petitioner is advised that failure to file a petition in compliance with this order (i.e., a completed petition with cognizable federal claims clearly and simply stated, and with supporting facts and exhaustion of state remedies clearly stated) within the allotted time will result in dismissal of the petition and termination of the action.  Petitioner is advised that the amended petition should be entitled, "Third Amended Petition," and it must refer to the case number in this action.  Further, Petitioner is informed that Local Rule 220 provides that unless prior approval to the contrary is obtained from the Court, every pleading as to which an amendment or supplement is permitted shall be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading.

Further, Petitioner is INFORMED that a federal court may only grant a state prisoner's petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriquez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

1    In contrast, a civil rights action pursuant to 42 U.S.C.
2  § 1983 is the proper method for a prisoner to challenge the
3  conditions of that confinement.  McCarthy v. Bronson, 500 U.S.
4  136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at
5  574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.
6    Petitioner requested monetary damages in his new pleadings.
7  However, unlike an action for damages, a petition for writ of
8  habeas corpus seeks a writ that is prospective in nature, and it
9  does not compensate for past wrongful incarceration; instead,
10  habeas corpus is a challenge to unlawful custody.  Lindh v.
11  Murphy, 521 U.S. 320, 342 (1997).  To the extent that Petitioner
12  seeks monetary compensation for past wrongful incarceration,
13  Petitioner must seek it in an action pursuant to 42 U.S.C.
14  § 1983, and not in a petition for writ of habeas corpus.
15    III.  Disposition
16    Accordingly, it is ORDERED that:
17    1) Petitioner's new petition, filed in Briggs v. C. Gibson,
18  case number 1:13-cv-00592-BAM, and consolidated with the present
19  action, is DEEMED to be a motion for leave to file a third
20  amended petition for writ of habeas corpus; and
21    2) Petitioner's motion for leave to file a third amended
22  petition for writ of habeas corpus is GRANTED; and
23    3) Petitioner may FILE no later than thirty (30) days after
24  the date of service of this order a third amended petition in
25  accordance with the provisions of this order.
26  ///
27  ///
28  ///

8

1    Petitioner is INFORMED that a failure to comply with this

2 order will result in dismissal of the action.

3

4 IT IS SO ORDERED.

5 **Dated:    June 20, 2013**                    /s/ Sheila K. Oberto
                                            UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28