# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEE BRIGGS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>FRESNO SUPERIOR COURT, et al.,<br><br>　　　　Respondents. | Case No. 1:12-cv-01549-SKO-HC<br><br>ORDER DISREGARDING SUBPOENA (DOC. 22) |

　　　Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting his consent in a writing signed by Petitioner and filed on October 1, 2012.

　　　Pending before the Court is a subpoena filed by Petitioner on August 9, 2013. The subpoena is directed to the Fresno Superior Court Records Analyst and commands the production of documentation concerning Petitioner's sentencing and parole revocation

proceedings.  The subpoena is not signed by the Court Clerk or by an attorney.

"The writ of habeas corpus is not a proceeding in the original criminal prosecution, but an independent civil suit...." Riddle v. Dyche, 262 U.S. 333, 335-336 (1923); see, e.g., Keeney v. Tamayo-Reyes, 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting). However, modern habeas corpus procedure has the same function as an appeal of a criminal trial. O'Neal v. McAninch, 513 U.S. 440, 442 (1995).  A habeas proceeding does not proceed to a regular trial; unlike a party in other civil litigation, a habeas corpus petitioner is not entitled to broad discovery as a matter of ordinary course. Bracy v. Gramley, 520 U.S. 899, 904 (1997); Harris v. Nelson, 394 U.S. 286, 295 (1969).

Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) provides in pertinent part that a judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery.  Habeas Rule 6(a).  A party requesting discovery must provide reasons for the request, which must include any proposed interrogatories and requests for admission, and must specify any requested documents.  Habeas Rule 6(b).  Although discovery is available pursuant to Rule 6, it is only granted at the Court's discretion, and upon a showing of good cause.  Bracy, 520 U.S. 899, 904; McDaniel v. United States District Court, 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997).

Here, Petitioner's third amended petition has been filed and is awaiting the Court's screening process.  No good cause for discovery

has been shown.

    Accordingly, Petitioner's subpoena is DISREGARDED.

IT IS SO ORDERED.

    Dated: **August 13, 2013**             **/s/ Sheila K. Oberto**
                                                      UNITED STATES MAGISTRATE JUDGE