**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHNNY LEE BRIGGS,<br><br>          Petitioner,<br><br>     v.<br><br><br>FRESNO SUPERIOR COURT, et al.,<br><br>          Respondents. | Case No. 1:12-cv-01549-SKO-HC<br><br>ORDER DISMISSING THE THIRD AMENDED PETITION WITHOUT LEAVE TO AMEND (DOC. 19)<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND DIRECTING THE CLERK TO CLOSE THE CASE |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting his consent in a writing signed by Petitioner and filed on October 1, 2012.

Pending before the Court is the third amended petition (TAP), filed by Petitioner on August 2, 2013.

I.  Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States

1

District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

///

///

2

II.   Background

Petitioner filed the petition on September 20, 2012.  The Court's initial screening order dismissed Petitioner's state law claims without leave to amend, found that some of Petitioner's claims were unclear and uncertain, and granted leave to file a first amended petition to allege claims as to which Petitioner had exhausted his state court remedies.  (Doc. 8, filed October 22, 2012.)

On February 13, 2013, the Court dismissed Petitioner's first amended petition (FAP) because two claims were uncertain and Petitioner had failed to allege exhaustion of his state court remedies as to his claims.   Petitioner was given leave to file a second amended petition.  Petitioner subsequently moved to file a second amended petition, but his motion was dismissed as moot because he had already been given leave to file a second amended petition.  Petitioner was directed to file a second amended petition within thirty days.

Petitioner filed a second amended petition on March 25, 2013. However, on April 24, 2013, Petitioner filed another petition for writ of habeas corpus in a new case, Briggs v. C. Gibson, case number 1:13-cv-00592-BAM.  Because the new petition addressed the same detention as the petition pending in this action, the two actions were consolidated on April 29, 2013; the later action was closed; and the parties were instructed to file all further documents in the present case, case number 1:12-cv-1549-SKO-HC.

In an order dated June 21, 2013, the Court reviewed the second amended petition as well as the new petition, which challenged the same convictions.  The Court construed the new petition as a motion

3

to amend the previous petition but noted that the new petition did not contain the claims in the previously filed second amended petition.  The Court noted that it was uncertain whether or not Petitioner intended to raise <u>all</u> the claims that were in both petitions.  Thus, the Court construed Petitioner's new petition as a motion to file an amended petition and provided Petitioner with an opportunity to file a third amended petition to cure the deficiencies in the previous petitions and to set forth <u>all</u> the claims he sought to raise in this Court.  The Court noted the delay that had transpired in the case and the need to avoid an indefinite succession of amendments of the petition, and informed Petitioner that he would be given one, final opportunity to file an amended petition.

Further, because one of the later petitions requested monetary damages and civil penalties in addition to reversal of convictions, the Court informed Petitioner of the difference between a civil rights action and a petition for writ of habeas corpus.

III.  <u>The Third Amended Petition</u>

Petitioner submitted a third amended petition (TAP) on a form for a complaint under 42 U.S.C. § 1983.  In the TAP, Petitioner complains of a prohibited violation of an international trade agreement which constituted a denial of fundamental fairness and due process by an unauthorized sentence on reversal of revocation proceedings.  (Doc. 19, 3.)  One form of relief sought is to secure and declare freedom, but the remainder of the statement of relief is unintelligible.  (<u>Id.</u>)

Thus, the TAP sets forth an unclear claim or claims without an intelligible factual basis.  As set forth above, in habeas corpus

4

proceedings, notice pleading is not sufficient.  The petition must state facts that point to a real possibility of constitutional error, and the Court must be apprised of the factual and legal basis of the claim with sufficient clarity to permit intelligent screening of a petition.  Here, Petitioner's claim or claims are unintelligible or uncertain, and his request for relief is similarly uncertain.

While this Court must construe liberally and deferentially the allegations of a prisoner proceeding without counsel, see Roy v. Lampert, 465 F.3d 964, 970 (9th Cir. 2006), the Court cannot grant relief based on conclusory allegations not supported by any specific facts, Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).

The Court has provided Petitioner numerous opportunities to file amended pleadings after informing him of the defects in his petitions.  Substantively, there was little or no correspondence between the amended pleadings or development of the stated claims. It does not appear that if leave to amend were granted, Petitioner could allege a tenable claim for relief.  Therefore, the petition will be dismissed without leave to amend.

III.  Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a

constitutional right.  § 2253(c)(2).  Under this standard, a

petitioner must show that reasonable jurists could debate whether

the petition should have been resolved in a different manner or that

the issues presented were adequate to deserve encouragement to

proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting

Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should

issue if the Petitioner shows that jurists of reason would find it

debatable whether: (1) the petition states a valid claim of the

denial of a constitutional right, or (2) the district court was

correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. at

483-84.

In determining this issue, a court conducts an overview of the

claims in the habeas petition, generally assesses their merits, and

determines whether the resolution was wrong or debatable among

jurists of reason.  Id.  An applicant must show more than an absence

of frivolity or the existence of mere good faith; however, the

applicant need not show that the appeal will succeed.  Miller-El v.

Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant.

Rule 11(a) of the Rules Governing Section 2254 Cases.  Here, it does

not appear that reasonable jurists could debate whether the petition

should have been resolved in a different manner.  Petitioner has not

made a substantial showing of the denial of a constitutional right.

Accordingly, the Court will decline to issue a certificate of

appealability.

IV.  Disposition

Accordingly, it is ORDERED that:

6

1       1) The petition for writ of habeas corpus is DISMISSED without

2 leave to amend; and

3       2) The Court DECLINES to issue a certificate of appealability;

4 and

5       3) The Clerk is DIRECTED to close the action because the

6 dismissal terminates the action in its entirety.

7

8

9 IT IS SO ORDERED.

10    Dated:  **October 11, 2013**            **/s/ Sheila K. Oberto**

11                                  UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28